**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60684
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK DEMETRIUS DEBERRY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:90-CR-81
--------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Frederick Demetrius Deberry, federal prisoner # 09303-042, appeals the denial of his *pro se* "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)." He contends that the district court improperly construed his 18 U.S.C. § 3582(c)(2) motion as a 28 U.S.C. § 2255 motion. Liberally construing the memorandum supporting his motion, Deberry argued that Amendment 591 to the Sentencing Guidelines is retroactive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and should reduce his sentence.  The district court did not address his argument concerning Amendment 591.

Because Amendment 591 is retroactive, see U.S.S.G. § 1B1.10, an 18 U.S.C. § 3582(c)(2) motion was the appropriate procedural vehicle to bring that issue and therefore we accept Deberry's assertion that he raised his claims under 18 U.S.C. § 3582(c)(2) and will address his assertions under that statute.  The remaining claims raised by Deberry in the district court have not been raised on appeal, and they are therefore abandoned.  See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

Deberry argued in the district court that Amendment 591 to the Sentencing Guidelines is retroactive and should reduce his sentence because it requires the court to "stick to the offense of conviction when sentencing a defendant."  This is not an accurate interpretation of the Amendment.  Amendment 591 was intended to address, *inter alia*, case law which supported selection of a Chapter Two (Offense Conduct) guideline different from that referenced in the Statutory Index (Appendix A) based on factors other than the conduct charged in the offense of conviction.  Sentencing Guidelines Manual, App. C, pp. 29-32 (Supp. 2000).

The record reveals that Deberry was sentenced under U.S.S.G. § 2A4.1, the proper guideline section for kidnaping, his offense of conviction.  Because that section so directs, the district court considered the underlying offense of rape committed during

the kidnaping and cross-referenced to U.S.S.G. § 2A3.1 (Criminal Sexual Assault) which resulted in a longer sentence. Amendment 591 clarifies which guideline to apply; it does not forbid cross-references contained in the applicable guideline. Sentencing Guidelines Manual, App. C, pp. 29-32 (Supp. 2000). Therefore, Amendment 591 does not necessitate a reduction in Deberry's sentence. Consequently, the judgment of the district court is AFFIRMED ON ALTERNATE GROUNDS.